30 F.3d 134
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Rita TEAMER, for Marion Teamer, a Minor, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 93-2348.
 United States Court of Appeals, Sixth Circuit.
 June 29, 1994.
 
 Before: KEITH, BOGGS and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff appeals a district court judgment affirming the decision of the Secretary of Health and Human Services in this child insurance benefits case. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1993 Rita Teamer, on behalf of her minor child, Marion Teamer, sought review of a decision of the Secretary in a contested division of surviving child benefits of deceased wage earner Milton Teamer. Specifically, Rita Teamer questioned whether two stepchildren of Milton's second marriage were entitled to child death benefits under the Act so as to effectively reduce the share allotted to Marion Teamer, the biological child of Milton from his first marriage. An administrative law judge ultimately found that Rita Teamer's child was the recipient of an overpayment that did not need to be repaid (not an issue in this appeal) and that Milton Teamer's stepchildren were entitled to share in surviving child benefits. This decision was subsequently adopted by the Secretary.
 
 
 3
 Rita Teamer took an appeal of the Secretary's decision to federal district court pursuant to 42 U.S.C. Sec. 405(g). The matter was referred to a magistrate judge who recommended that the Secretary's decision be affirmed. The district court adopted this recommendation, over Teamer's objections, and this appeal followed. The parties have briefed the issues.
 
 
 4
 The core issue in this appeal, regardless of any passing references by counsel to initial overpayments, questioned marriages or reformation of the Secretary's award by this court, is whether there is sufficient evidence to support the Secretary's award of surviving child's benefits to the stepchildren of deceased wage earner Milton Teamer. Counsel for claimant Rita Teamer suggests that the Secretary's decision was not supported by the evidence, that the decision defeats the purpose of the statute and that this court may sua sponte direct a more equitable division of benefits. Examination of the record and law reflects that the Secretary's decision is supported by the necessary quantum of evidence.
 
 
 5
 Rita and Milton Teamer were married some time prior to 1983 (the record is unclear on this point). In that year, Rita gave birth to their child, Marion. The couple were later divorced and Milton married Yvonne Teamer in 1985. Yvonne had two children from a previous marriage. This marriage continued until Milton's death in 1989.
 
 
 6
 Rita Teamer applied for child's insurance benefits on behalf of Marion in September 1988. Two days later, Yvonne applied for child's benefits on behalf of her children, Milton's two stepchildren. The Social Security Administration granted both applications for benefits and Rita Teamer thereafter contested this decision. The ALJ to whom the matter was assigned initially (and on remand after a misplaced transcript) concluded that Yvonne's two children qualified as Milton's dependent children under the Act and were therefore entitled to share in surviving child's benefits along with Marion. This conclusion became the decision of the Secretary and is the only real dispute Rita Teamer has in federal court.
 
 
 7
 The standard of review that applies to Teamer's case was articulated by this court in Brainard v. Secretary of Health and Human Servs., 889 F.2d 679 (6th Cir.1989) (per curiam):
 
 
 8
 Judicial review of the Secretary's decision is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards in reaching her conclusion. Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. The scope of our review is limited to an examination of the record only. We do not review the evidence de novo, make credibility determinations nor weigh the evidence.
 
 
 9
 Id. at 681 (citations omitted). Thus, the Secretary's decision must be affirmed if supported by substantial evidence, even if a reviewing court would decide the matter differently. Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir.1983) (per curiam). This is so without regard to the quantum of evidence supporting the claimant's position. Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir.1986) (en banc).
 
 
 10
 A stepchild of a deceased wage earner may be eligible for surviving child's benefits under 42 U.S.C. Sec. 402(d)(1) if the child has been a stepchild of the wage earner "for not less than one year immediately preceding the day on which the application for child's insurance benefits is filed or (if the insured individual is deceased) not less than nine months immediately preceding the day on which such individual died ...," 42 U.S.C. Sec. 416(e)(2), and is dependent upon the stepparent pursuant to 42 U.S.C. Sec. 402(d)(4) and 20 C.F.R. 404.363, which provide that a child is deemed to be dependent upon the wage earner if the child was living with or receiving at least one-half of his support from the wage earner at the time the application was filed. The question then becomes whether there is substantial evidence in the record to support the Secretary's conclusion that Yvonne's two children qualified for benefits under Section 416(e).
 
 
 11
 The record contains evidence that Yvonne and Milton were married on October 25, 1985, and that their relationship continued until Milton's death four years later. Yvonne's two children were born prior to this marriage and their school records show them as living with Milton at "12087 Longview" for at least two months prior to Milton's death. While the evidence may demonstrate that the children's home life was, at times, nomadic, it also supports the narrow conclusion that the stepchildren fit within the definition of a dependent child for benefit eligibility under the Act. The appeal lacks merit.
 
 
 12
 Accordingly, the district court's judgment is affirmed.